UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

LINDA TAYLOR, )
)
       Plaintiff, )
)
v. ) 4:04-CV-100
) (JARVIS/GUYTON)
)
JO ANNE B. BARNHART, )
Commissioner )
of Social Security, )
)
       Defendant. )

## REPORT AND RECOMMENDATION

       This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's motion for summary judgment [Doc. 18] and the defendant's motion for summary judgment. [Doc. 20]. Plaintiff Linda Taylor seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

       The ALJ made the following findings:

    1.    The claimant met the insured status requirements of the Act as of the alleged disability onset date, and continued to meet them through December 31, 2000.

    2.    The claimant has not engaged in substantial gainful activity since the alleged onset date.

> 3. The claimant has "severe" impairments including lumbar spinal disc disease and depression with anxiety.
>
> 4. The claimant's impairments, considered individually and in combination, do not meet or equal in severity any impairment set forth at 20 C.F.R. Part 404, Subpart P, Appendix One.
>
> 5. The claimant's subjective allegations of disabling pain and functional limitations are not credible.
>
> 6. The claimant retains the residual functional capacity to perform light work with occasional postural activities, as further nonexertionally compromised by moderate mental functional limitations in maintaining social interactions and concentration.
>
> 7. The past relevant work as a sales clerk and as a shipping/order clerk is not precluded by the residual functional capacity.
>
> 8. The claimant has not been disabled within the meaning of the Act through the date of this decision.

(Tr. 340-41).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v.

2

Secretary of Health & Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

At Step 4 in the evaluation process, the ALJ found that plaintiff could perform her past relevant work as a sales clerk and shipping/order clerk because she retained the residual functional capacity ("RFC") to perform light work, with occasional postural activities, that accommodated moderate difficulties with concentration and social functioning. (Tr. 340-41).

On appeal, plaintiff contends that ALJ erred in finding that she can perform light work, arguing that she should be found disabled under the Grid for sedentary work. (Tr. 341). She asserts that the ALJ "cited no medical opinions of record which support his RFC finding," which fails to comply with the Appeals Council remand order. (Tr. 472-74). Additionally, plaintiff maintains that the ALJ did not consider the opinions of Dr. Perry and "Dr. Robin"[1] and the opinion of Dr. Clark and the opinions of Dr. Fuchs. Plaintiff also maintains that because she has met her burden at Step 4 of proving that she cannot perform her past relevant work, the burden should have shifted to the Commissioner to establish that there is other work she can perform. She maintains that she can perform work at no greater than the sedentary level, and thus, Grid Rule 201.10 would direct a finding of disabled.

---

[1] Although the last name of this state agency, nonexamining physician is illegible, the first name is Robin. (Tr. 682). The Commissioner refers to this physician as "Dr. Robin," and for the sake of clarity, Dr. Robin will be used in this opinion.

3

The Commissioner maintains that the plaintiff is in error, that the ALJ's RFC finding is well supported, and that the Grid for sedentary work is not applicable because the ALJ at Step 4 found plaintiff could perform light work and thus, was not disabled. First, the Commissioner contends that the plaintiff is in error because although the ALJ did not refer to state agency physicians Dr. Robin and Dr. Perry by name, he referred to their opinions by exhibit number (Tr. 339): Exhibit 19F for Dr. Robin and Exhibit 4F for Dr. Perry (Tr. 214-20, 675-82), and cited both opinions in support of his RFC determination that plaintiff could perform light[2] work. (Tr. 339). In April 1996, state agency physician Dr. Perry found that plaintiff could lift 20 pounds occasionally and 10 pounds frequently; could sit and stand/walk for 6 hours each in an 8-hour day; and could frequently balance and crawl, and occasionally climb, stoop, kneel and crouch. (Tr. 213- 20). Likewise, in March 2001, state agency physician Dr. Robin determined that plaintiff could occasionally lift 20 pounds and frequently lift 10 pounds; could sit and stand/walk for 6 hours each in an 8-hour day; and could occasionally balance, climb, stoop, kneel, crawl, and crouch. (Tr. 675-82).

Similarly, the Commissioner asserts that the ALJ referred to the opinions of Drs. Clark and Fuchs by exhibit number, 8F and 26F, respectively, and although he ultimately rejected their opinions, he noted that their opinions indicated that plaintiff could perform sedentary[3] work. (Tr. 339). In October 1996, Dr. Clark concluded that plaintiff could lift 10

---

[2]Light work requires lifting and carrying 20 pounds occasionally and 10 pounds frequently. See 20 C.F.R. §§ 404.1567(b), 416.967(b).

[3]Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often

4

pounds occasionally and less than 10 pounds frequently; could sit for 6 hours in an 8-hour day, and stand/walk for 2 hours in an 8-hour day; could occasionally balance, climb, stoop, kneel, crawl and crouch; has unlimited abilities to perform fine manipulation and can frequently reach and handle. (Tr. 227-34). The Commissioner maintains that although plaintiff contends that Dr. Fuchs was her treating physician, the record shows he was a consultative examiner who saw her only once. (Tr. 274, 638, 655-56). He noted on February 3, 2001 that he had seen plaintiff only once, on December 13, 2000 and noted that he did not assess plaintiff's back condition at that time, found no neurological abnormalities related to her back, noted that her "small joint problems" (finger pain and swelling), did not cause any limitations; and stated that he "cannot comment much further" on her back condition. (Tr. 274, 655-56). However, in his May 2001 medical assessment, Dr. Fuchs found that plaintiff could occasionally lift 5 to 10 pounds; could sit for 1 hour at a time and for a total of 8 hours in an 8-hour day; could never stoop, kneel, balance, crouch or crawl, but could occasionally climb; had an unlimited ability to use her hands, but had a limited ability to feel with her right foot; and could not work at heights. (Tr. 765-67). The Commissioner insists that because Dr. Fuchs did not assess plaintiff's back condition and found that her finger problems did not cause any limitations, the ALJ reasonably rejected his assessment that plaintiff was limited in her ability to sit, stand, walk, and lift.

        The Commissioner maintains that the ALJ reasonably rejected consultative examiner Dr. Cooke's October 1996 opinion that plaintiff could perform no greater than sedentary work because he opined that plaintiff had a herniated disk with nerve root

---

necessary to carry out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. §§ 404.1567(a), 416.967(a).

5

compression, although radiological examinations did not support such a finding. (Tr. 224-26, 339).

Accordingly, the Commissioner insists that the cited opinions "alternated between assessing a residual functional capacity for sedentary and light exertion," and that the ALJ in his duty to resolve conflicts in the evidence, relied on the opinions of Dr. Robin and Dr. Perry and rejected the opinions of the other physicians. (Tr. 339). The Commissioner maintains that Dr. Robin had access to the most complete information about plaintiff's condition (Tr. 220, 234, 655-56), and thus, the ALJ reasonably relied on Dr. Robin's opinion. Moreover, the ALJ noted that the evidence regarding plaintiff's daily activities was "more consistent with light than sedentary exertion" (Tr. 339), noting that plaintiff's daily activities of taking care of her two grandchildren, her ill husband, and her mother who has Alzheimer's. (Tr. 338, 768-88).

I find that plaintiff clearly is in error when she argues that the ALJ failed to refer to opinions of Dr. Perry and Dr. Robin and that he ignored the opinion of Dr. Clark and the opinion of Dr. Fuchs. Although the ALJ did not cite each of these physicians by name, he did cite to their reports by exhibit numbers: "Treating physicians and non-examining consultants that have reviewed the medical evidence have alternated between assessing a residual functional capacity for sedentary and light exertion. Ex. 2F, 4F [Dr. Perry], 8F [Dr. Clark], 19F [Dr. Robin], and 26F [Dr. Fuchs]." Accordingly, I find that the ALJ considered the opinions cited by plaintiff, and thus, did not fail to follow the Appeals Council remand order. (Tr. 473).

The ALJ is charged with the duty to weigh the evidence, to resolve material conflicts in the testimony, and to determine the case accordingly. Richardson v. Perales, 402 U.S. at 390. This court must

> defer to an agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). Our role is not to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony. See Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir. 1987) (per curiam).

Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003).

The burden is on the plaintiff at Step 4 of the evaluation process, Boyes v. Secretary of Health and Human Services, 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)), and I find in this case plaintiff has failed to meet that burden. In his decision, the ALJ stated that he relied on the opinions of state agency, reviewing physicians Dr. Perry and Dr. Robin and explained why he rejected the opinions of Dr. Fuchs and Dr. Cooke. 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i) (State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation). The ALJ noted that Dr. Fuchs' opinion regarding plaintiff's limitations in her ability to sit, stand, walk, and lift were unsupported and that Dr. Cooke's opinion "was contingent upon whether she actually had a herniated lumbar spinal disc or not," which the ALJ

7

maintains was not established by the medical evidence. (Tr. 226, 339). 20 C.F.R. §§ 404.1527(d), 416.927(d) (ALJ may reasonably reject a physician's opinion that is not supported by the evidence). In addition, Dr. Clark's 1996 opinion that plaintiff could perform sedentary work was inconsistent with the opinions of Dr. Perry (Tr. 213-20) and Dr. Robin (Tr. 227-34, 675- 82), who cites more recent medical evidence in support of her evaluation. (Tr. 676-77). Moreover, Dr. Clark's and Dr. Fuchs' opinions that plaintiff could perform no greater than sedentary work were inconsistent with plaintiff's daily activities. (Tr. 338-39) Heston v. Commissioner of Social Security, 245 F.3d 528, 536 (6th Cir. 2001) ("The ALJ could properly determine that her subjective complaints were not credible in light of her ability to perform other tasks."). In light of the foregoing, I find that the ALJ weighed the record evidence and reasonably concluded that plaintiff retains the RFC to perform light work.

Finally, plaintiff asserts that because she can perform only sedentary work, Grid Rule 201.10 directs a finding of disabled. However, the Grid is applicable at Step 5 in the evaluation process, and the ALJ found at Step 4 that plaintiff could perform at least light work. (Tr. 340-41). Therefore, the Grid is not applicable in this case. 20 C.F.R. Pt. 404, Subpt. P, App. 2. Moreover, although vocational expert ("VE") testimony is not necessary for a Step 4 finding, the VE testified that plaintiff's past jobs of sales clerk and shipping/order clerk were light work. (Tr. 378-81). Accordingly, because the record evidence supports the ALJ's Step 4 finding that plaintiff can perform light work, and thus, her past jobs, this issue is without merit.

Based upon the foregoing, it is hereby **RECOMMENDED**[4] that the plaintiff's motion for summary judgment [Doc. 18] be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 20] be **GRANTED**.

Respectfully submitted,

    s/H. Bruce Guyton
United States Magistrate Judge

---

[4]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).